UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JARVIS BROWN,<br><br>            Plaintiff,<br><br>      v.<br><br>ANDRE MATEVOUSIAN, *et al.*,<br><br>            Defendants. | No.  1:20-cv-00204-NONE-SAB (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S SECOND AMENDED COMPLAINT BE DISMISSED WITHOUT LEAVE TO AMEND<br><br>(Doc. No. 23) |

Plaintiff Jarvis Brown is a federal inmate proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).  This action proceeds on plaintiff's second amended complaint against fifteen named and four Doe defendants for violations of plaintiff's Fifth and Eighth Amendment rights.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On March 31, 2021, the assigned magistrate judge issued findings and recommendations recommending that plaintiff's second amended complaint be dismissed without leave to amend. (Doc. No. 23.)  Those findings and recommendations were served on plaintiff and contained notice that any objections thereto were to be filed within fourteen (14) days after service.  (*Id.* at 17.)  After receiving an extension of time, plaintiff filed objections on May 14, 2021.  (Doc. No. 26.)

1

Plaintiff objects to the findings and recommendations on the grounds that they did not evaluate plaintiff's equal-protection claim brought under the Fifth Amendment. (*Id.* at 9.) Plaintiff's second amended complaint's claim brought under the Fifth Amendment states that it includes a class-of-one equal-protection claim; however, the complaint does not provide any factual allegations concerning the treatment of a similarly situated group. (*See* Doc. No. 22 at 8–18.) Therefore, plaintiff has failed to state a cognizable claim for violation of his equal-protection rights under the Fifth Amendment. *See Buckley v. Valeo*, 424 U.S. 1, 93, (1976) ("Equal protection analysis in the Fifth Amendment area is the same as that under the Fourteenth Amendment."); *Thornton v. City of St. Helens*, 425 F.3d 1158, 1167 (9th Cir. 2005) (setting forth elements of class-of-one equal-protection claim).

Plaintiff also objects to the magistrate judge's recommendation to dismiss his claim for the alleged failure to protect. Plaintiff contends in his objections that defendants took affirmative acts in labeling plaintiff a sex offender, thus threatening his safety. (Doc. No. 26 at 8–9.) However, as the magistrate judge noted, plaintiff does not allege that those defendants *publicly* labeled him as a sex offender. (Doc. No. 23 at 14.) Additionally, plaintiff's objections do not identify any flaw in the magistrate judge's reasoning with respect to supervisory liability. (*Id.* at 5–9.)

Finally, plaintiff requests further leave to amend. (*Id.* at 10.) However, the magistrate judge correctly found that plaintiff had already been twice granted leave to amend after the deficiencies in his complaints were identified and had still failed to state a claim. Based upon those circumstances it was appropriately determined that the granting of further leave to amend would be futile

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the court concludes that the magistrate judge's findings and recommendations are supported by the record and by proper analysis.

/////

/////

Accordingly,

1. The findings and recommendations issued on March 31, 2021, (Doc. No. 23), are adopted in full;
2. Plaintiff's second amended complaint is dismissed for failure to state a claim, without leave to amend; and
3. The Clerk of the Court is directed to assign a district judge for the purposes of closing this case and then to close this case.

IT IS SO ORDERED.

Dated:   **August 19, 2021**

_____
UNITED STATES DISTRICT JUDGE